**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

---

HERMELINDO SACUL-POP,

      Petitioner,

v.                                         No. 1:26-cv-01464-MLG-KK

MARY DE ANDA-YBARRA, in her official capacity
as Director of U.S. Immigration and Customs Enforcement
and Removal Operations, et al.,

      Respondents.

## ORDER REGARDING RESPONDENTS' NOTICE OF IMPENDING REMOVAL

This matter is before the Court on Respondents' Notice of Impending Removal (Doc. 5). Petitioner Hermelindo Sacul-Pop filed a Petition for Writ of Habeas pursuant to 28 U.S.C. § 2241 ("Petition"), on May 7, 2026 challenging his ongoing detention in Torrance County Detention Facility. *See* Doc. 1. The Court entered an Order to Show Cause ("Order") on May 14, 2026 requiring Respondents respond to the Petition. *See* Doc. 3. The Order also enjoins Respondents from transferring Sacul-Pop outside the District of New Mexico while this action is pending. *Id.* The Order further states, "The Court retains jurisdiction to enforce this Order until an administratively final order of removal is being effectuated." *Id.* Respondents filed their Notice of Impending Removal in which they inform the Court that a final order of removal regarding Sacul-Pop was issued on May 7, 2026. Doc. 5 at 1; Doc. 5-1 at 1-2. Respondents anticipate Sacul-Pop's removal will occur on or by May 19, 2026. Doc. 5 at 2. They seek reassurance from the Court regarding their interpretation of the Order. *Id.*

The Court's Order enjoining the transfer of Sacul-Pop outside the District of New Mexico does not enjoin Respondents from removing Sacul-Pop pursuant to an administratively final order

1

of removal. If an administratively final removal order is entered by an immigration judge, the

Court is barred from preventing the execution of the final removal order. *See* 8 U.S.C. § 1252(g)

("Except as provided in this section and notwithstanding . . . habeas corpus provision[s], no court

shall have jurisdiction to hear any cause or claim by or on behalf of any [noncitizen] arising from

the decision or action by the Attorney General to commence proceedings, adjudicate cases, or

execute removal orders . . . ."). This statutory prohibition is communicated in the plain language

of the Order. *See* Doc. 3.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

2