**MIN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

HERMELINDO SACUL-POP,

Petitioner,

v. No. 1:26-cv-01464-MLG-GBW

MARY DE ANDA-YBARRA, in her official capacity as Director of U.S. Immigration and Customs Enforcement and Removal Operations, et al.,

Respondents.

**ORDER OF DISMISSAL**

This matter is before the Court on Respondents' Status Report (Doc. 9) filed in response to the Court's order requesting Petitioner Hermelindo Sacul-Pop's status and supplemental briefing regarding mootness. *See* Doc. 8. Sacul-Pop was removed from the United States on May 31, 2026, pursuant to an order granting voluntary departure. Doc. 9 at 1. Federal Respondents therefore request the Court dismiss the petition on mootness grounds. *Id*.

"[D]eportation does not render an alien's § 2241 petition moot if the alien alleges sufficient collateral consequences." *Fonge v. Comfort*, 62 F. App'x 266, 268 (10th Cir. 2003); *see also Riley v. I.N.S.*, 310 F.3d 1253, 1256 (10th Cir. 2002) (explaining that when a habeas petitioner is no longer in custody, the court's "inquiry then becomes whether [the petitioner] meets one of the exceptions to the mootness doctrine"). Sacul-Pop does not allege any collateral consequences and has not responded to Federal Respondents' mootness argument. It does not appear that any of the other mootness exceptions apply. *Riley*, 310 F.3d at 1256.

Accordingly, this matter is moot and must be dismissed for lack of subject matter jurisdiction. *See Kansas Jud. Rev. v. Stout*, 562 F.3d 1240, 1246 (10th Cir. 2009) ("When it becomes impossible for a court to grant effective relief, a live controversy ceases to exist, and the case becomes moot." (citation omitted)); *Eaves v. Polis*, 167 F.4th 1304, 1310 (10th Cir. 2026) (explaining that when a case is moot, "a federal court must dismiss the action for want of subject-matter jurisdiction"). This civil action shall be dismissed without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) (providing that "dismissals for lack of jurisdiction should be without prejudice"). A final judgment will be entered separately.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA